The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: August 4 2015

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 14-33315 |
| | ) | |
| Robert A. McCormick and | ) | Chapter 7 |
| Priscilla L. McCormick, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

**MEMORANDUM OF DECISION
REGARDING MOTION OBJECTING TO EXEMPTION**

This case is before the court on the Chapter 7 Trustee's Motion Objecting to Exemptions ("Motion"). [Doc. # 15]. The Trustee objects to Debtors' homestead exemptions claimed pursuant to Ohio Revised Code 2329.66(a)(1) in real estate located at 3009 West Monroe Street, Sandusky, Ohio. The court held a hearing on the Objection that Debtors, their counsel and the Chapter 7 Trustee ("Trustee") attended in person and at which the parties presented testimony and other evidence in support of their respective positions.

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. A proceeding regarding exemptions from property of the estate is a core proceeding that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(B). For the reasons that follow, the Trustee's

Motion will be granted in part and denied in part.

## FACTUAL BACKGROUND

Joint debtors Robert McCormick, who is seventy-seven years old, and Priscilla McCormick, who is seventy-one years old, own two homes, one at 3103 W. Monroe Street and the other at 3009 W. Monroe Street, Sandusky, Ohio. Debtors' forty-four year old son lives at the 3009 address. Debtors currently live at the 3103 address.

Debtors filed their Chapter 7 bankruptcy petition on September 9, 2014. They state in their petition that the street address of both Debtors is 3103 W. Monroe Street, Sandusky, Ohio. [Doc. # 1, p. 1]. At the first meeting of creditors held on October 28, 2014, Robert McCormick testified that he lived with his wife. The affidavits of both Debtors, dated October 28, 2014, state that they both live at the 3103 address but that on the date of filing their petition, Robert McCormick was still recovering from a stroke and was living with their son at the 3009 address. [Doc. ## 26 & 27].

Robert McCormick underwent emergency vascular surgery in December 2011, after which complications developed and he was life-flighted to Cleveland Clinic where he underwent further extensive surgery. [Debtors Ex. 1, p.2]. Thereafter, he spent over eight months in the hospital and rehabilitation facilities. [*Id.*]. His rehabilitation included regaining his ability to walk. [*Id.*]. In addition, he suffers from major depressive disorder and other injuries stemming from his years of service as a firefighter. [*Id.* at 1-2].

The court credits both his testimony and that of his wife that following Robert's hospitalization, his wife was not able to provide the care that he required and that he therefore began living at the 3009 address where his son could provide such care. Notwithstanding the fact that their petition shows that Robert's "street address" is the 3103 address and that his mail is still delivered to that address, the court also credits Debtors' testimony that Robert was still living at the 3009 address on the petition filing date. Priscilla McCormick explained that she pays the family bills and has a power of attorney for her husband and that Debtors saw no need to change Robert's mailing address.

On bankruptcy Schedule A, Debtors list the properties at both the 3009 and 3103 addresses. [Doc. # 1, p. 17/56]. Priscilla McCormick testified that Debtors own both properties jointly. Debtors value the property at the 3009 address at $45,000 and indicate that it is encumbered in the amount of $1,202.74. They value the property at the 3103 address at $65,000 and indicate that it is encumbered in the amount of $30,000. On Schedule C, Debtors claim homestead exemptions under Ohio Revised Code § 2329.66(A)(1) in both properties and, specifically, a $45,000 exemption in the property located at the 3009 address and a

$35,000 exemption in the property located at the 3103 address.

## LAW AND ANALYSIS

As authorized by 11 U.S.C. § 522(b)(2), the Ohio legislature opted out of the federal exemptions provided in § 522(d). *See* Ohio Rev. Code § 2329.662. As a result, debtors for whom the applicable exemption law under § 522(b)(3)(A) is Ohio law must claim exemptions under the relevant Ohio statutes and under applicable non-bankruptcy federal law. There is no dispute that Debtors have been domiciled in Ohio for more than the 730 days preceding the date of the filing of their petition such that Ohio exemption law applies in this case. *See* 11 U.S.C. § 522(b)(3)(A).

Under Bankruptcy Rule 4003(c), the party objecting to the exemption, in this case the Trustee, has the burden of establishing that the debtor is not entitled to the claimed exemption. Fed. R. Bankr. P. 4003(c); *In re Wengerd*, 453 B.R. 243, 246 (B.A.P. 6th Cir. 2011).[1] The standard of proof is by a preponderance of the evidence. *In re Roselle*, 274 B.R. 486, 490 n.4 (Bankr. S.D. Ohio 2002). In making this determination, and in order to further the fresh-start policy of the Bankruptcy Code, exemption statutes are generally to be liberally construed in a debtor's favor, "and that any doubt in interpretation should be in favor of granting the exemptions." *In re Wengerd,* 453 B.R. at 246-47. The rule that exemption statutes are to be construed liberally in favor of the debtor is also followed by the courts of Ohio. *See, e.g., Daugherty v. Central Trust Co.*, 28 Ohio St.3d 441 (1986); *Dennis v. Smith*, 125 Ohio St. 120 (1932); *Sears v. Hanks*, 14 Ohio St.298, 301(1863)("The [homestead] act should receive as liberal a construction as, can fairly be given to it."].

In this case, Debtors claim homestead exemptions on their Schedule C under Ohio Revised Code § 2329.66(A)(1) in the real property located at both the 3009 and 3103 addresses. Under this statute, a person may exempt the person's interest, not to exceed $132,900, "in one parcel or item of real or personal

---

[1] The Sixth Circuit Bankruptcy Appellate Panel ("BAP") recently cited a presumption of validity and burden shifting analysis as applicable to claimed entitlement to an exemption and a Trustee's objection to it. *In re Aubiel*, –B.R.–, 2015 WL 4461503,*3, 2015 Bankr. LEXIS 2404,*8 (B.A.P. 6th Cir. July 22, 2015). The BAP's analysis is akin to the burdens applicable to objections to claims.

The court disagrees that a presumption and burden shifting analysis applies to exemptions and objections to them. Thus, it is not using such an analysis here, although the outcome would probably not change in this particular case even if it did. First, Rule 4003(c) is on point and leaves no room for such an analysis. It contrasts with Bankruptcy Rule 3001(f), Fed. R. Bankr. P. 3001(f), which expressly affords properly executed and filed claims *prima facie* validity. Second, the BAP's *Aubiel* opinion does not cite Rule 4003(c); it is only mentioned in a parenthetical explanation of another cited case. Third, other BAP decisions involving exemption objections have not set forth a presumption and burden shifting analysis. *Cf. Wengerd*, 453 B.R. at 246; *Baumgart v. Alam (In re Alam)*, 359 B.R. 142, 147 (B.A.P. 6th Cir. 2006); *Hamo v. Wilson (In re Hamo)*, 233 B.R. 718, 723 (B.A.P. 6th Cir. 1999). Nor did the Sixth Circuit Court of Appeals in a recent unpublished decision. *Westry v. Lim (In re Westry)*, 591 Fed. Appx. 429, 433, 2014 U.S. App. LEXIS 24666, **9 (6th Cir. December 30, 2014); *see In re Baker*, -F.3d-, 2015 U.S.App. LEXIS 11437, *6, 2015 WL 4033098, *2 (6th Cir. July 2, 2015).

property that the person or a dependent of the person uses as a residence." Ohio Rev. Code § 2329.66(A)(1)(a) and (b).[2] The Trustee objects only to Debtors' claimed homestead exemption in the property located at the 3009 address.

A debtor's right to an exemption is determined as of the date the debtor files for bankruptcy relief. *In re Wengerd*, 453 B.R. at 249-50. To be entitled to the homestead exemption under Ohio law, a debtor must have an interest in the property and must use the property as a residence. Ohio Rev. Code 2329.66(A)(1)(b). There is no dispute that Debtors both have an interest in the real property located at the 3009 address as they own the property jointly. And there is no dispute that Priscilla McCormick resided at the 3103 address on the date Debtors filed their petition. Because she was not using the property at the 3009 address as a residence she is not entitled to the homestead exemption in that property. The Trustee also objects to Robert McCormick's claim of exemption in the property located at that address. According to the Trustee, although he was staying with his son at the 3009 address for health reasons on the date of filing, Robert McCormick's permanent residence was with his wife at the 3103 address.

Courts have interpreted the provision "uses as a residence" to mean that the property must be occupied and used as a home by the person claiming the exemption. *See, e.g., In re Aubiel*, 516 B.R. 476, 480 (Bankr. N.D. Ohio 2014), *aff'd In re Aubiel*, –B.R.–, 2015 WL 4461503, 2015 Bankr. LEXIS 2404 (B.A.P. 6th Cir. July 22, 2015); *In re Kimble*, 344 B.R. 546, 555 (Bankr. S.D. Ohio 2006). As discussed above, Robert McCormick was living with his son at the 3009 address on the date that Debtors' petition was filed. Thus, he was occupying and using the property as a home. On the date of filing, Robert was using the property as his primary residence. Nevertheless, because Debtors' petition indicates that Robert's street address is the 3103 address, and because he testified at the § 341 meeting and averred in his affidavit that he was living with his wife on October 28, 2014, seven weeks after the petition was filed, the Trustee contends that his permanent residence is at the 3103 address. Boiled down, the Trustee's position is that

---

[2] Ohio law provides for adjustment of the exemption amount:

(B) On April 1, 2010, and on the first day of April in each third calendar year after 2010, the Ohio judicial conference shall adjust each dollar amount set forth in this section to reflect the change in the consumer price index for all urban consumers, as published by the United States department of labor, or, if that index is no longer published, a generally available comparable index, for the three-year period ending on the thirty-first day of December of the preceding year.

Ohio Rev.Code Ann. § 2329.66(B). The adjusted dollar amounts do not appear in the text of the statute; however, that information may be accessed by visiting the Ohio Judicial Conference website. Ohio Judicial Conference, http://www.ohiojudges.org/ (follow "Exemptions" hyperlink). The amount of the homestead exemption available to each Debtor at the time they filed this Chapter 7 case is $132,900.

because Robert intended to live at the 3009 address only temporarily and then moved back to the 3103 address, he is not entitled to the exemption in the property afforded under § 2329.66(A)(1).

The Sixth Circuit Bankruptcy Appellate Panel addressed a similar issue in *In re Wengerd*. In that case, debtors claimed a homestead exemption in real property where they lived at the time of filing. Before filing, they had entered into a contract to sell the property. They closed on the sale four days after filing and moved to an apartment. *In re Wengerd*, 453 B.R. at 246. The Chapter 7 trustee argued that the debtors were not entitled to the exemption since they were merely temporary occupants of the home and had no intention of making the home their permanent residence. *Id.* at 247. The Panel rejected the reasoning in two cases holding that "uses as a residence" requires an intention to continue living at the property, *see In re Garland*, 98 B.R. 767, 770 (Bankr. S.D. Ohio 1989); *In re Pagan*, 66 B.R. 196 (Bankr. N.D. Ohio 1986), and concluded:

> [T]he Debtors owned the home and used it as their residence. That is all the Ohio homestead exemption requires—that the debtor use the property as a residence. That determination must be made on the date the petition for relief is filed. As the Debtors argue, the plain language of the exemption statute requires no intent to remain; the statute simply states that the exemption applies to property that a person "uses as a residence." "When this language is coupled with the fact that a debtor's right to exemptions is determined as of the date the Petition is filed, [it follows] that an intent to abandon the property in the future does not defeat the exemption."

*Id.* at 251 (quoting *In re Cope*, 80 B.R. 436, 428 (Bankr. N.D. Ohio 1987)).

As in *Wengerd,* Robert McCormick has an ownership interest in the property at the 3009 address and was using that property as his residence on the date Debtors filed their petition. At filing, he rightfully occupied the 3009 address and was using it as his home. *See Aubiel*, 2015 WL 4461503 at *3, 2015 Bankr. LEXIS 2404 at *9. The court agrees with the reasoning in *Wengerd* – that is all that the plain language of the exemption statute requires. That Robert did not intend the property to be his permanent residence is immaterial. Ruling otherwise in this instance would depart from the basic principle of liberal statutory construction of exemptions set forth above. Nor, given the words of the statute, is case law analyzing the concept of domicile for various purposes, such as state exemption applicability under § 522(b)(1), particularly instructive on this issue. *Cf. Aubiel*, 2015 WL 4461503 at *4, 2015 Bankr. LEXIS 2404 at *11-*12. Robert McCormick is therefore entitled to claim the homestead exemption applicable to the 3009 W. Monroe address provided under Ohio Revised Code 2329.66(A)(1)(b).

The court will enter a separate order in accordance with this Memorandum of Decision.

###